FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 25 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STAN HASTINGS, individually and on behalf of other similarly situated.

    Plaintiff,

v.

RESCUE 1 FINANCIAL, LLC

    Defendant.

Case No.: 4:21-CV-452-DPM

**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Harris_

**Preliminary Statement**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Stan Hastings brings this action under the TCPA alleging that Defendant Rescue 1 Financial, LLC ("Rescue 1 Financial"), made pre-recorded telemarketing calls for purposes of promoting their goods and services without his prior express written consent. On the pre-recorded call received by Mr. Hastings, there was no actual entity identified other than Rescue 1 Financial.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff, Stan Hastings, resides in this District.

6. Defendant Rescue 1 Financial, LLC is a foreign corporation headquartered in California that does business in this District.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls were made into this District.

## TCPA Background

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

18. Rescue 1 Financial offers credit and debt relief services.

19. To sell these services, Rescue 1 Financial relies on telemarketing, including robocalls.

20. While such automated technology may save time and money for Rescue 1 Financial's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

Call to The Plaintiff Hastings

21. Plaintiff Hastings is a "person" as defined by 47 U.S.C. § 153(39).

22. Mr. Hastings' telephone number, (501) 680-XXXX, is registered to a cellular telephone service.

23. Mr. Hastings' telephone number has been on the National Do Not Call Registry since 2005.

24. Mr. Hastings received a pre-recorded call from the Defendant.

25. The pre-recorded message said:

> Please listen carefully. The new law, CV19, now makes current credit card balances and certain types of loans and lines of credit non-collectible and non-enforceable. Due to the current situation we all face this new law is helping stop predatory banks and lenders while we all get back on track. To find out how much of your debt will be erased, press five on your phone now. Thank you.

26. The company was not identified on the call.

27. Finally, to identify the calling party, Mr. Hastings engaged the telemarketer.

28. The first company identified was Defendant by a "Cindy".

29. "Cindy" informed Plaintiff that they were on a recorded line.

30. "Cindy" then proceeded to offer the Defendant's services, which included contacting all of the Plaintiff's creditors and ensuring they eliminated any interest as well as some of the principle.

31. "Cindy" then provided the Plaintiff with the Defendant's website.

32. Plaintiff then ended the call.

33. The call invaded Plaintiff's privacy and intruded upon his right to seclusion.

34. Plaintiff did not consent to receive Defendant's calls prior to the receipt of the unsolicited conduct.

## Class Action Allegations

35. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of class of all other persons or entities similarly situated throughout the United States.

36. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> <u>Robocall Class:</u> All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

37. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Class as defined above is identifiable through phone records and phone number databases.

39. The potential members of the Class is at least in the hundreds. Individual joinder of these persons is impracticable.

40. The Plaintiff Hastings is a member of the Class.

41. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using automated calls to contact putative class members cellular telephones;

    b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the call; and

  c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

42. The Plaintiff's claims are typical of the claims of class members.

43. The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents them.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46. The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class' membership described above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call provisions

47. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48. Defendant's calls were made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

49. The Defendant violated the TCPA by (a) using a pre-recorded message to make calls to cellular telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

50. The Defendant's violations were willful and/or knowing.

51. The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance.

## Relief Sought

WHEREFORE, for themselves and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance;

B. Because of Defendant's violations of the TCPA, Plaintiff seek for himself and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3);

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate class the Court deems appropriate, finding that Plaintiff are proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: May 25, 2021

_____,
Jason Ryburn
Ryburn Law Firm
AR BAR: 2012-148
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com


Anthony I. Paronich (subject to *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com


*Attorneys for the Plaintiff*