UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STAN HASTINGS, individually and on behalf of
other similarly situated                                    PLAINTIFF

v.                                   No. 4:21-cv-452-DPM

RESCUE 1 FINANCIAL LLC                              DEFENDANT

## PROTECTIVE ORDER

1.      "Confidential Information" shall mean any document or information believed to include sensitive confidential business, proprietary, or personal information that would not ordinarily be disclosed publicly and which, if disclosed publicly, could cause prejudice, undue burden, or harm to the personal, financial, or competitive position of the person or entity from which the information was obtained. Confidential Information includes documents, testimony, and information produced, provided, or exchanged in the course of this action that any Party or third-party (individually and collectively, a "Producing Party," as the context requires) designates "Confidential." A Producing Party will make such "Confidential" designation only as to that information which the Producing Party in good faith believes to be Confidential Information entitled to protection under any applicable rule, statute, order, regulation, or legal authority. However, this Order shall not apply to information that is public knowledge.

2.      Material designated as "Confidential" pursuant to this Order, the information contained in such material, and any summaries, copies,

abstracts, or other documents derived in whole or in part from material designated as "Confidential" shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

3.    Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of litigation of this action, regardless of whether such material is also obtained through discovery in this action.

4.    Material designated "Confidential" and produced pursuant to this Order may be disclosed or made available only to the Court, counsel for a party (including paralegal, clerical, and secretarial staff employed by counsel), and "Qualified Persons." "Qualified Persons" shall mean:

(a) a Party, or an officer, director, or employee of a Party to whom it is necessary that Confidential Information be shown to aid in the prosecution, defense, or settlement of this action; and

(b) agents of, or persons retained by, any counsel of record for any Party in this action for the purpose of assisting in the preparation of this action for trial and to whom it is necessary that Confidential Information be shown for that purpose;

(c) court reporters retained in this action;

(d)    a witness at any deposition or other proceeding in this action; and

(f)    any other person to whom the parties agree in writing.

5.    Depositions shall be taken only in the presence of Qualified Persons.

- 2 -

**6.** If any materials designated "Confidential" are used in any court proceeding in this action, such materials shall not lose their confidential status through such use, and the Party using such materials shall take all reasonable steps to maintain its confidentiality during such use.

**7.** This Order shall be without prejudice to the right of the parties:

(a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

(b) to present a motion to the Court under Federal Rule of Civil Procedure 26 for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way concerning future applications for a modification of this Order.

**8.** No copies of Confidential Information shall be made except by or on behalf of counsel of record in this action or recipients otherwise authorized and bound by this Order. Any counsel or other persons bound by this Order that make or cause to be made copies of Confidential Information shall maintain all such copies within their possession or the possession of others who are entitled to access such Confidential Information.

**9.** Nothing shall prevent disclosure of Confidential Information beyond the terms of this Order if the Producing Party consents in writing to such disclosure or upon Court Order after notice and a reasonable opportunity to object has been afforded to all Parties.

**10.** The inadvertent or unintentional disclosure of Confidential Information, or information subject to an evidentiary privilege or immunity, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, evidentiary privilege or immunity either as to the specific information disclosed or as to any other information relating thereto; provided, however, that the Producing Party must make the "Confidential" designation or claim the privilege or immunity promptly following discovery of the inadvertent or unintentional disclosure, but in no event more than ten (10) days from the time of notification of the disclosure to the Producing Party by any Party.

**11.** Nothing in this Order shall require production of information, documents, or materials that a Producing Party contends is protected from disclosure by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, right, or immunity. If, in connection with this action, a Party inadvertently or unintentionally discloses (the "Disclosing Party") information, documents, or materials subject to a claim of attorney client communication privilege, work product doctrine, or any other privilege, doctrine, right, or immunity ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege, doctrine, right, or immunity that the Disclosing Party may otherwise be entitled to assert with respect to the Disclosed Protected Information. Within ten (10) business days of discovery of Disclosed Protected Information, a Disclosing Party may assert in writing the attorney client privilege, work product doctrine, or

- 4 -

other privilege, doctrine, right, or immunity recognized under applicable laws that is being claimed with respect to Disclosed Protected Information and, to the extent otherwise responsive, shall thereafter provide a privilege log in lieu of the inadvertently produced material in a manner consistent with the Federal Rules of Civil Procedure documenting same. Disclosed Protected Information must be returned to the Disclosing Party or destroyed immediately upon discovery and in no event later than five (5) business days of receipt of written notification of the inadvertent or unintentional disclosure. A receiving Party must provide the Disclosing Party a certification of counsel of record that the Disclosed Protected Information has been returned or destroyed.

**12.** Should a Party share Disclosed Protected Information with any person or entity before discovering or being notified of the Disclosed Protected Information's inadvertent or unintentional production, the receiving Party must take reasonable steps to retrieve such information. Notwithstanding this paragraph, no Party or Qualified Person is required to delete information that may reside on the respective Party or Qualified Person's electronic back-up systems that are over-written in the normal course of business, but hereby covenants that such information shall not be retrieved or reviewed for any purpose, including in relation to this action or the assertion of claims against any Party, person, or entity.

**13.** A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within thirty days after such objection, the parties and any other

- 5 -

objecting person or persons shall confer in good faith, and in person, to resolve the objections. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed until the Court issues a ruling or schedules a hearing.

**14.** Materials designated "Confidential" shall not be filed on the public docket. If practicable, the Confidential Information in such materials should be redacted. *See* Fed. R. Civ. P. 5.2. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a Party must move for permission to file any Confidential Information and a related motion, brief, or paper containing the Confidential Information under seal. The moving Party must justify the sealing with specifics, including an explanation as to why redactions are impracticable.

**15.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the Parties. Upon termination of this case, the Parties shall return to the respective Producing Party all Confidential Information or certify the destruction thereof.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

17 November 2021

**AGREED:**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Jason Michael Ryburn
Ryburn Law Firm
650 South Shackleford Road
Suite 231
Little Rock, AR 72211
jason@ryburnlawfirm.com

*Attorneys for Plaintiff*

and

Beth-Ann Ellenberg Krimsky
Greenspoon Marder, LLP
200 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
beth-ann.krimsky@gmlaw.com

Kerrilee Elizabeth Kobbeman
Conner & Winters, LLP
4375 North Vantage Drive
Suite 405
Fayetteville, AR 72703
kkobbeman@cwlaw.com

Lawren A. Zann
Greenspoon Marder, LLP
200 East Broward Boulevard

- 8 -

Suite 1800
Fort Lauderdale, FL 33301
lawren.zann@gmlaw.com

*Attorneys for Defendant*